STATE OF MINNESOTA *ex rel.* John W. Cunningham and
others *vs.* BOARD OF PUBLIC WORKS OF THE
CITY OF ST. PAUL.

February 9, 1881.

City of St. Paul—Assessment for Local Improvements—Objections to Confirmation—Powers of Board of Public Works—Certiorari.—Under the provisions of the charter of the city of St. Paul relating to assessments for such local improvements as street grading, when the report of the city treasurer comes into the district court, any person interested may appear and file objections to the recovery of judgment. Objections relating to proceedings prior to the confirmation of the assessment by the board of public works, can go only to the authority of the common council to order the improvement, or to the authority of the board of public works to have the work performed; but as to the confirmation of the assessment, the right to interpose objections is unlimited, except that no merely formal irregularity or defect, or any error or omission which does not affect the substantial justice of the assessment, vitiates or affects it. Any proper objection going to show that the assessment ought not to be confirmed, as respects the objector's property, can properly be made upon the hearing of the application for judgment in the district court. An objection which goes no further than to claim that the judgment of the board of public works upon the matter of assessment differs from the judgment of some other person or persons, is an improper objection. The questions, what property is benefited by the improvement? and how much? are questions of opinion upon the facts as they appear. The charter has committed them to the board of public works, and their judgment is final and conclusive, and cannot be reviewed by the district court or any other tribunal; unless shown to be fraudulent in fact, or unless it is made up upon a demonstrable mistake of fact. Such fraud in fact, or demonstrable mistake of fact, are proper subjects of objection upon the application for judgment in the district court. *Certiorari* to the common council or board of public works will not lie for the purpose of attacking such assessment.

*Certiorari* to the board of public works of the city of St. Paul. The common council of the city of St. Paul having ordered the board of public works to cause a certain portion of Mackubin street in that city to be graded, the board, having made estimates for the improvement, and having let the contract in accordance with the law, gave the notice

required by the charter of the city (Sp. Laws 1874, p. 62, § 25,) of the time and place of their meeting for the purpose of making an assessment to pay for the same, and notified all persons interested to be present at such time and place, and that they would be heard.   The relators appeared at this meeting and presented various plans for making the said assessment.   The board completed the assessment, confining the same to all property on the line of a portion of Mackubin street, including the portion graded, and extending beyond in both directions, "assessing all alike,   *   *   * except that the property in front of which gutters were constructed should be charged the additional cost of said gutters."   Subsequently, and in accordance with the charter, (Sp. Laws 1874, p. 62, § 26,) the board gave public notice of a meeting to hear objections to the assessment as completed, and for confirmation of the same.   At this meeting the relators appeared and objected to the assessment and its confirmation, because, as they alleged in substance, the said assessment was not made upon all the property benefited by the improvement, nor in just proportion according to the benefit, but that the same was made upon only a small proportion of the property benefited, without consideration of the form and position of the several portions of land assessed or the nature of the owner's interest therein, and that the same was "fraudulent and void, as said board, when it made the same, well knew."   The relators offered to introduce evidence to prove the truth of their allegations; but the board refused to hear the same, and the assessment was confirmed as completed.   Thereupon the relators made application for this writ.

*McMillan & Beals,* for relators.

This court has allowed this writ with an enlarged office. *Minn. Cent. Ry.* v. *McNamara,* 13 Minn. 508. · It is the proper remedy in this case.   *Le Roy* v. *Mayor,* 20 John. 430; *Baldwin* v. *Calkins,* 10 Wend. 169; *People* v. *Board of Police,* 39 N. Y. 506; *People* v. *Jefferson County Court,* 55 N. Y. 604;

*Western R. R. Co.* v. *Nolan,* 48 N. Y. 513; *People* v. *William-son,* 13 Ill. 660. The right of appeal is taken away by statute, and, on application for judgment in the district court, no review of the errors complained of can be had. Sp. Laws 1874, p. 62, § 26, and p. 67, § 39 as amended by Sp. Laws 1875, p. 19, § 12. The board of public works, in making this assessment, acts judicially. Its confirmation is its judgment, and is subject to review by *certiorari.* *Starr* v. *Trustees of Rochester,* 6 Wend. 564; *City of Camden* v. *Mulford,* 26 N. J. Law, 57; *State* v. *Dowling,* 50 Mo. 134; *Parks* v. *Boston,* 8 Pick. 218.

*W. P. Murray,* for respondent.

A writ of *certiorari* should not be allowed at the instance of any individual. *Case of 51st Street,* 3 Abb. Pr. (N. Y.) 232; *Matter of 80th Street,* 17 Abb. Pr. (N. Y.) 324; *Libby* v. *Town of West St. Paul,* 14 Minn. 248. Great public detriment or inconvenience might result. *People* v. *Supervisors of Allegany,* 15 Wend. 198; *People* v. *Supervisors of Queens County,* 1 Hill, 195; *Mount Morris Square,* 2 Hill, 14; *People* v. *Mayor of New York,* 2 Hill, 9; *Ex parte Mayor of Albany,* 23 Wend. 277; *Carpenter* v. *City of St. Paul,* 23 Minn. 232; *Dousman* v. *City of St. Paul,* Id. 394. The board of public works were the sole judges; their action was final and conclusive upon all parties interested; Sp. Laws 1874, p. 62, § 26; and the assessment should only be set aside for fraud or mistake. *Rogers* v. *City of St. Paul,* 22 Minn. 494; *Wright* v. *City of Chicago,* 48 Ill. 285; *Jenks* v. *City of Chicago,* Id. 296; *Elliott* v. *City of Chicago,* Id. 293.

BERRY, J. With reference to assessments for grading streets, the charter of St. Paul (Sp. Laws 1874, *c.* 1, § 25, p. 62, as amended by Sp. Laws 1875, *c.* 1,) provides that, before proceeding to make an assessment, the board of public works shall give notice of the time and place of their meeting for the purpose of making the same, "in which notice they shall specify what such assessment is to be for, and the amount to be assessed," and that all per-

sons interested in any such assessment shall have the right
to be present, and to be heard either in person or by counsel,
and the board may, in their discretion, receive any legal evi-
dence.    Section 26 provides that when the board have com-
pleted the assessment, they shall give notice of a meeting to
hear objections, and for the confirmation of the same, at
which meeting all parties interested shall have the right to
appear, and show cause why the assessment should not be
confirmed; and the board are authorized, in their discretion,
to revise and correct the assessment, and to confirm or set it
aside.    The city treasurer, to whom the warrant for the col-
lection of the assessments is delivered, having given notice of
his intended applications for judgment for delinquent assess-
ments, and having made report to the district court, the
court proceeds to the hearing of the applications, and the
owner of any property reported delinquent, or any person
interested therein, may appear and file objections in writing
to the recovery of judgment against such property.    "No ob-
jection," says section 39, as amended, "shall be interposed
or sustained in relation to any of the proceedings prior to the
confirmation of the assessment, except that the common
council had no authority to order the said improvement, or
that the board of public works had no authority to have the
said work performed; and no objections as to any other of
the proceedings shall be sustained on any mere formal irreg-
ularity or defect; and the city treasurer may amend, by
leave of the court in its discretion, in any matter in further-
ance of justice.    The court shall hear and determine all ob-
jections in a summary manner, without pleadings, and shall
dispose of the same with as little delay as possible, consist-
ently with the demands of public justice; but should justice
require that for any cause the suit as to one or more owners
should be delayed, judgment shall then be rendered as to the
other property and lands, and process shall issue for the sale
thereof the same as in all other cases."    Section 54, as
amended, provides that "no error or omission which may have

heretofore been, or may hereafter be made, in the order or in the proceedings of the common council or board of public works, or of any of the officers of said city, in referring, reporting upon, ordering, or otherwise acting, concerning any local improvement provided for in this chapter, or in making any assessment therefor, or in levying or collecting such assessment, not affecting the substantial justice of the assessment itself, shall vitiate or in any way affect such assessment."

The charter provisions relating to such local improvements as the grading of streets show that, before any proceedings are had for making or confirming assessments, the questions of the propriety and necessity of the improvement, and whether there is property the benefits to which will equal the expense of making it, have already been passed upon and determined by the common council and board of public works. This determination includes, of course, a determination that an assessment is necessary and proper. The improvement having thereupon been ordered to be made, and the contract let, as by the charter provided, the questions next to be considered are, what parcels of property are benefited, and what is the benefit to each parcel proportionate to the expenses of the improvements? With reference to these questions two opportunities are afforded all interested parties to be heard before the board of public works. The theory of the charter appears to be that at the first hearing the board may properly hear suggestions, arguments, and, in their discretion, evidence, as to what area and what parcels of land are specially benefited by the improvement, and which should therefore be assessed, and as to the proportionate amounts to be assessed upon the different parcels benefited. After this hearing the assessment is completed, as the charter says,—that is to say, it is made out. Then follows a second hearing of objections to the assessment, and for its confirmation. At this hearing all parties interested are entitled to be heard upon the question of the propriety

and justice of the assessment as made out by the board. This is the first occason on which such parties are enabled to criticise the assessment, because it is the first occasion on which they have been notified and permitted to meet it as it is actually made out.    While the charter does not provide for the adduction of any *evidence* before the board at the second hearing, as it does at the first, still the whole question of the propriety, fairness, and justice of the assessment, as it is made out, is up and open for objection, though the question as to whether there is occasion for *an* assessment is not open—*that*, as we have before seen, having been previously settled.    Now, when the report of the city treasurer comes into the district court, any person interested may appear and file objections to the recovery of judgment.    Objections relating to proceedings *prior to the confirmation of the assessment* can go only to the authority of the common council to order the improvement, or to the authority of the board of public works to have the work performed; but as to the confirmation of the assessment, the right to interpose objections is unlimited, except that no merely formal irregularity or defect, or any error or omission which does not affect the substantial justice of the assessment, vitiates or in any way affects it.    We can conceive of no proper objection going to show that the assessment ought not to have been confirmed, as respects the objector's property, which cannot properly be made upon the hearing of the application for judgment in the district court.

We use the phrase "proper objection" advisedly; for we are not to be understood as holding that *any* objection which a person interested sees fit to urge as a reason why the assessment should not have been confirmed, will be considered by the district court.    It would be unwise in the extreme for us to undertake in advance to enumerate in detail all the objections which would or would not be proper objections.    But we may go so far as to say that an objection that the assessment

was made with fraud in fact on the part of the board, as is claimed by the relators to have been the case in the proceedings which are sought to be brought before us at this time, would be a proper objection. But an objection which went no further than to claim that the judgment of the board of public works upon the matter of assessment differed from the judgment of some other person or persons, would certainly be an improper objection.

The questions, what property is benefited by the improvement? and how much? are questions of opinion upon the facts as they appear. They are therefore questions, the decision of which cannot be regulated by any *quasi* mathematical rules of law. They must be left to the judgment of men. The charter has committed them to the board of public works, and their judgment is final and conclusive, and cannot be reviewed by the district court or any other tribunal, unless shown to be fraudulent in fact, or unless it is made up upon a demonstrable mistake of fact. We say a demonstrable mistake of fact, meaning by this expression a mistake of fact as to the existence of which there is no room for doubt. An instance of such mistake would be this: Suppose that on each side of a street, graded under the charter provisions which we are considering, there were five blocks in every respect alike, except in location. The assessment of four on each side, leaving the middle block on each side unassessed, if it were not a case of fraud, would be an instance of demonstrable mistake of fact. The failure to assess the middle blocks could not be accounted for on any other basis. We will not pursue this subject further.

In the case at bar, the complaint of the relators is confined to the assessment. As before stated, we are of opinion that any objection which can properly be made to the assessment can be made upon the hearing of the application for judgment in the district court. If this is so, the exclusive remedy of the relators is upon such hearing in the district court, with

a right to review the action of the district court in this court. It follows that, for the purpose of attacking the assessment, a *certiorari* will not lie to the common council or board of public works.

The writ herein issued is accordingly quashed.