St. Paul & Sioux City Railroad Company *vs.* George F. Robinson, County Auditor, and another.

August 9, 1889.

**Equity — Waiver of Objection that Remedy is at Law.**—Where, in a suit in equity, the defendant goes to trial on the merits, it is too late afterwards to raise the objection that the plaintiff has an adequate remedy at law.

Appeal by plaintiff from a judgment of the district court for Cottonwood county, where the action was tried by *Perkins*, J. The lands involved comprise that part of the plaintiff's land grant embraced in the "Drake & Wilder trust," created by a conveyance from plaintiff to Elias F. Drake and Amherst H. Wilder, trustees, bearing date July 30, 1879, in trust to secure certain "special stock."

*Cole, Bramhall & Morris* and *Daniel Rohrer*, for appellant.

*Moses E. Clapp*, Attorney General, *J. G. Redding*, and *T. J. Knox*, for respondents.

Vanderburgh, J. The question presented on this appeal is whether the plaintiff is entitled to an injunction restraining the defendants, county officers, from proceeding to enforce the levy and collection of taxes upon the lands described in the complaint, and included in the

trust deed to Drake & Wilder, annexed thereto. It is alleged in the complaint that the defendant, county auditor, caused all the lands in question to be placed upon the assessment-roll for the year 1887 previous, and threatens to cause the same to be extended upon the tax duplicate for that year, and to cause the various taxes for state and municipal purposes for that and prior years to be levied upon and extended against the same; and that defendants, as such officers, threaten to proceed to enforce the collection of such taxes by advertising and selling the lands referred to in separate parcels, in the due course of proceedings under the laws of the state for the collection of taxes. The equitable jurisdiction of the court is invoked to prevent or remove the cloud upon the title of the land by virtue of such threatened proceedings and sale, and to forestall a multitude of suits, which it is alleged are likely to grow out of the sale of a great number of pieces of land to different purchasers. The fact that the proceedings set forth in the complaint have been taken and are threatened stands admitted on the record. The defendants answered, contesting the alleged grounds of exemption from taxation, and went to trial on the merits, and upon the allegations and proofs in the case the court duly made its findings of fact and law, and determined thereupon that the lands embraced in the trust-deed had not been sold and conveyed so as to render the same taxable, and that the same are accordingly exempt from the taxes sought to be imposed thereon. The defendants' answer also asks the judgment of the court affirming the right to recover the taxes against the plaintiff. But the court also held that the plaintiff was not entitled to the relief asked for, because it had an adequate remedy at law, which it might avail itself of by answer in the tax proceedings. The record shows that a temporary injunction was issued when the action was commenced. The plaintiff appeals from the judgment denying it any relief, on the ground that, having determined the merits of the controversy, the court should have proceeded and ordered judgment in plaintiff's favor, annulling the assessment, and restraining the defendants from proceeding to enforce the taxes.

We think the plaintiff was entitled to such relief upon the findings and record in the case. The defendants having contested the case

on its merits, they cannot now raise the objection that the plaintiff should be remitted to his remedy at law. It is an action of equitable cognizance, and it is competent for the court to grant the relief sought; and in such cases, where the court is willing to hear the case and the defendant consents to a trial on the merits, it is too late to raise the objection. This was the rule in chancery, and it applies, *a fortiori,* where the same court combines both law and equity jurisdiction. *Stout* v. *Cook,* 41 Ill. 447; *Grandin* v. *Le Roy,* 2 Paige, 509; *Underhill* v. *Van Cortlandt,* 2 John. Ch. 339; 1 Dan. Ch. Pr. (5th Ed.) *551, note, and cases. In *Dearth* v. *Hide & Leather Nat. Bank,* 100 Mass. 540, the objection was held waived by the submission of a case upon an agreed statement of facts. The case having been fully litigated, and plaintiff's claim established, it ought not to be required to litigate the same question over again, but the court should retain its jurisdiction of the case, and proceed to render judgment for the appropriate relief, which should not be denied or delayed upon technical grounds.

Judgment reversed, and the case remanded for further proceedings.