E. ALBRECHT and others *vs.* CITY OF ST. PAUL and others.

December 21, 1891.

St. Paul—Objection to Assessment for Local Improvement, how to be made.—The owners of property assessed for local improvements under the charter of the city of St. Paul, as they may, upon the application for judgment upon the assessment warrant, present and have determined any objection to the assessment going to its validity, have not the right to maintain, against the consent of the city, a suit to set aside the assessment and restrain its collection. *Mayall* v. *City of St. Paul*, 30 Minn. 294, overruled.

Same—Action to Set Aside Assessment—Consent of City.—But such suit may be maintained, and the validity of the assessment determined, and the proper relief granted, if the city do not object to the matter being presented to the court in that manner, instead of in the manner provided in the charter.

Same—Application by City to Modify Injunction.—Where, pending the application for judgment, such a suit was brought, and a temporary injunction issued restraining further proceedings by the city, an application by the city not to dissolve, but to modify, the injunction, is not an objection to the suit, but implies that it may proceed.

Appeal by defendants from an order of the district court for Ramsey county, *Otis*, J., presiding, denying their motion that a temporary injunction theretofore issued, restraining the defendants from collecting an assessment for a local improvement, be so modified as to allow defendants to apply to the district court for judgment against the property of plaintiffs, described in the complaint, for the amount of the assessment.

*Daniel W. Lawler* and *Hermon W. Phillips*, for appellants.

*F. W. Root* and *John W. White*, for respondents.

GILFILLAN, C. J.    This is an action brought by a great number of plaintiffs to enjoin the defendants from collecting an assessment for a local improvement under the charter of the city. The assessment proceedings appear to have reached the point where the city treasurer files the assessment warrant in the district court, and makes application thereon for judgment against each parcel of land assessed.

The proceeding in the district court is in the nature of a suit against the property to enforce payment of the amount assessed upon it, in which the owner may avail himself as a defence of any irregularity in any of the proceedings prior to commencing the suit by filing the warrant, which the charter makes essential to the validity of those proceedings. In such proceeding or suit the validity of the assessment is in issue, as much as it could be in any action. The property owner may make any proper objection to its validity, whether the objection go to the authority of the council to order the improvement, or to the authority of the board of public works to have the work done, or go to show that the assessment ought not to have been confirmed. *State* v. *Board of Public Works of St. Paul*, 27 Minn. 442, (8 N. W. Rep. 161.) Of course such omissions or irregularities as by the provisions of the charter do not affect the validity of the assessment cannot be made subjects of objection in the proceeding in the district court. Nor could they be held to affect the validity of the assessment in any action or proceeding. That the assessment cannot be enforced without giving the property owner full and adequate opportunity to defend this court has uniformly considered a sufficient reason for refusing the writ of *certiorari* to bring here for review the proceedings of the council and board. *Dousman* v. *City of St. Paul*, 22 Minn. 387; *State* v. *Board of Public Works of St. Paul*, 27 Minn. 442, (8 N. W. Rep. 161.) The same consideration is a sufficient reason why a suit will not lie to enjoin the city from instituting and prosecuting the proceeding to enforce the assessment. Such an injunction would be in effect against the city bringing an action or suit in which the persons made defendants have a full and adequate opportunity to make their defence to the claim made against their property. A suit to enjoin a party from bringing an action in which the party to be sued may make his defence as completely as in the suit for the injunction never would lie, unless under exceptional circumstances, such as do not exist in this case. In *Minn. Linseed Oil Co.* v. *Palmer*, 20 Minn. 424, (468,) and *Sewall* v. *City of St. Paul*, 20 Minn. 459, (511,) actions to clear off the cloud on the title created by assessments for local improvements and for injunction against enforcing such proceedings were sus-

tained. But in the assessment proceedings in those cases, there was no judicial inquiry, no opportunity to the property owner to defend. The entire proceedings, including the sale, were to be ministerial, and the owner had no opportunity to test the validity of the assessment, except in an action against him at the will of the purchaser, or in an action to be brought by himself, either before or after sale, to clear off the cloud cast on his title by the proceedings. In *Mayall* v. *City of St. Paul*, 30 Minn. 294, (15 N. W. Rep. 170,) the assessment proceedings were the same as in the present case, but the attention of the court was not called to the difference in the two modes of proceeding, and it inadvertently followed the decisions in the twentieth. The *Mayall Case* was wrongly decided, and we take this opportunity of saying so, lest other parties might be misled by it to bring actions similar to this, as we have no doubt these plaintiffs were.

There is nothing in the suggestion that to bring a suit like this will avoid a multiplicity of suits. The proceeding in the district court on the same warrant is but one proceeding, though it be against many different parcels of land, severally liable; just as an action against several defendants, in which each defendant may interpose a separate defence, and in which a several judgment may be rendered, is but one action. When the same objection is interposed on behalf of several parcels, the court may undoubtedly try at the same time the objection as to all such parcels, unless the court grant a delay or postponement as to one or more of such parcels. The trial of the same objection ought to be joint as to all parcels as to which it is made, unless the court sever the trial.

But while the plaintiffs have not the right to insist that their objections to the assessment shall be tried and determined in any other manner than that pointed out by the charter, we do not see why it may not be done, in the same court, with the consent of the property owners and the city. If the city do not properly and seasonably object to a suit brought by the property owners, as this is, to test the validity of the assessment in the same court that would determine it under the charter, who can complain? The proceedings to enforce assessments under the charter are similar to the proceedings

to enforce taxes upon real estate, in this : that there must be a judgment before a sale, and that the property owner may, before judgment, defend againt the assessment or tax. In *St. Paul & Sioux City R. Co.* v. *Robinson,* 40 Minn. 360, (42 N. W. Rep. 79,) which was an action to set aside a tax assessment and to restrain its collection, this court, after deciding that the plaintiff's objection to the tax was not well founded, and because it so decided, declined to consider whether, in view of the legal remedy afforded by the statute, a suit for an injunction would lie; and in the case between the same parties, 41 Minn. 394, (43 N. W. Rep. 75,)—a similar suit,—it was held too late, after a trial on the merits, to object that such an action will not lie. Where the matter submitted to a court is within its jurisdiction to try and determine, and to grant, in substance, the relief sought, and neither the parties nor the court make any objection to the manner in which it is brought before the court, whether in one form of action or another, the action of the court in determining the matter will be sustained. The application of the defendant, from the denial of which this appeal is brought, not only does not show any objection to the action proceeding, but shows, rather, the contrary. Had the application been to dissolve the temporary injunction, it would have permitted an objection on the hearing against further proceeding in the action, on the ground that the plaintiffs have no right to present their objections to the assessment in any other way than as provided in the charter. But the application was to modify the injunction, which implies a willingness that there shall be an injunction to some extent. There is no objection to an injunction, but only to the measure of relief afforded by it. Assuming that the action is to proceed to a determination of the objections to the assessment made in the complaint, and that a temporary injunction is proper, it is proper to the extent of the injunction as granted. If the court is to try in this suit the validity of the assessment, it is certainly improper to allow another proceeding to be instituted and prosecuted, involving the same matters between the same parties.

Order affirmed.