SECURITY TRUST COMPANY, Receiver, v. FRANCIS von HEYDERSTAEDT.[1]

May 14, 1896.

Nos. 9828–(41).

**Special Assessment—Form of Judgment—Description.**

*Held,* that in proceedings to enforce collection of special assessments for local improvements made in the city of St. Paul upon certain lots under the provisions of Sp. Laws 1887, c. 7, subc. 7, tit. 1, §§ 36–46, inclusive, the form prescribed in section 40 for the order or judgment on default was substantially adhered to, and was sufficient; and, further, that the lots in question were sufficiently described and identified in said order or judgment.

**Same—Sale for Less than Judgment.**

The city treasurer, making a sale of property in such proceedings, has no authority to sell any lot or parcel to any individual for a sum less than the total amount of the judgment as the same appears in the "process" placed in his hands under the provisions of section 41. A purchaser at such a sale, who bids in property at a sum less than the amount of the judgment as shown by the process, and receives certificates of sale, which show on their face that the sale was for less than such amount, acquires no right or interest in the property as against the true owner; and in an action brought by the latter to determine an adverse claim such certificates must be treated as nullities.

Statutory action in the district court for Ramsey county by the receiver of an insolvent corporation to determine the adverse claim

[1] Reported in 67 N. W. 219.

of defendant to certain lots in the city of St. Paul. The answer set up an interest in each of the lots described by virtue of certain certificates of sale issued by the city of St. Paul under proceedings to collect a local assessment for filling, grading and improving Langford Park. Two other similar actions against other defendants were tried with the principal action. At the trial the defendant introduced in evidence a certified copy of the Langford Park judgment and order of sale, and a certificate of sale issued thereon, the parties agreeing that certificate was typical of all the certificates so issued, and rested. Thereupon the court, Willis, J., found the defendants had no right, title or interest in any of the lots described. From an order of the court granting defendants' motions for a new trial, plaintiff appealed. Reversed.

*Henry B. Wenzell*, for appellant.

Sp. Laws 1887, c. 7, subc. 7, tit. 1, § 40, prescribes that the order of judgment "shall be substantially in the  *  *  *  form given," but the judgment in evidence omits the words "being the amount of assessment, interest, damages and costs." As the jurisdiction of the court to enter a money judgment against this real estate and order a sale of the property to pay the judgment is dependent, apart from the statute, upon the judgment being the amount of the assessment, interest, damages and costs, it should appear affirmatively that the respective amounts entered are for assessment, interest, etc. The sale by the treasurer was unauthorized and void. Sections 44 and 45 provide that the property shall be sold for the amount of judgment, interest and costs, and if the total amount is not paid forthwith that the property is to be again offered for sale, and if not sold to a purchaser is to be struck off to the city. The certificate of sale is invalid because upon its face it shows that the amount for which it was issued is less than the amount of the judgment, and the charter requires that the total amount for which the property shall be sold shall also appear in the certificate.

*E. J. Darragh* and *Hermon W. Phillips*, for respondent.

The decision of the court upon the application for judgment determined that it had jurisdiction to hear the application and its decision ordering judgment upon that application cannot be re-

viewed or reversed in this case.    Turrell v. Warren, 25 Minn. 9; Hersey v. Walsh, 38 Minn. 521, 38 N. W. 613; Holmes v. Campbell, 12 Minn. 221 (335); Nye v. Swan, 42 Minn. 243, 44 N. W. 9; Hotchkiss v. Cutting, 14 Minn. 408 (537); Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123; Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927; Sandwich Mnfg. Co. v. Earl, 56 Minn. 390, 57 N. W. 938; Curran v. Board of Co. Commrs., 56 Minn. 432, 57 N. W. 1070; Carlson v. Phinney, 56 Minn. 476, 58 N. W. 38; Johnson v. Johnson, 57 Minn. 100, 58 N. W. 824; Mitchell v. Chisholm, 57 Minn. 148, 58 N. W. 873; Fitzhugh v. Duluth City, 58 Minn. 427, 59 N. W. 1041.

*W. H. Lightner*, in reply, for appellant.

The question raised by respondent is not presented by the record or discussed by the appellant and it is not necessary to the determination of this appeal.    This court has held that, where the court has acquired jurisdiction over the property or the owner, judgments in tax or assessment proceedings cannot be assailed collaterally for mere error.    This court has expressly held this proposition is subject to "such distinctions as are created by statute." Dousman v. City of St. Paul, 23 Minn. 394; Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123.    It is a cardinal principle of our tax and assessment laws that the tax officer shall offer for sale and sell to any person who will pay the full amount of the judgment; that in case no one offers the full amount he is required to strike it off to the municipality.    That in so doing he is acting purely as an administrative officer.    G. S. 1894, §§ 1592, 1601, 1616, 1617; Laws 1874, c. 1, §§ 123, 129; G. S. 1866, c. 11, §§ 122, 124, 125, 129, 137, 138; Pub. S. 1858, c. 9, §§ 75, 77, 80; R. S. 1851, c. 12, §§ 54, 56, 59.

COLLINS, J.    This was the ordinary statutory action, brought to determine an adverse claim made by defendant to a large number of lots in the city of St. Paul.    At the trial it was admitted that plaintiff, as receiver, had title to the property, subject to such rights and interests as defendant had acquired by virtue of certain certificates of sale issued to him by the city treasurer in proceedings under the city charter to enforce collection of special assessments made upon these lots for a local improvement, for filling, grading and improving Langford Park.    The court below found that

defendant had acquired no right or interest in said real estate by virtue of these certificates, and plaintiff appeals from an order granting defendant's motion for a new trial.

1. The charter provisions relative to judgment against and sales of real estate when assessments have been made for local improvements, in force at the time in question, are found in Sp. Laws 1887, c. 7, subc. 7, tit. 1, §§ 36–46, inclusive. These assessments were for benefits only, and judgment was rendered on default. It is urged that because of certain omissions in the order of the court (section 40), which order constitutes the only judgment required by law, and the only one, in fact, entered, the same is void, and a copy was insufficient process upon which to make a sale.

The form prescribed in section 40 was not followed, but we find upon examination that the effective language used is: "Therefore, it is considered by the court that judgment be and is hereby entered against the lots and parcels of land in favor of the city of St. Paul, for the sums annexed to each lot or parcel of land due severally thereon and set opposite the same, to wit." Then follows a separate description of each lot, with the amount of the assessment against it, the amount of interest, the amount of cost, and the total amount of the judgment. It also appears that the word "interest" in that part of the judgment which directs a sale was omitted. Although the precise words found in the form are not all used in this judgment, and some are inserted which are not in the form, it substantially adheres to it, and this is enough, for in section 40 it is provided that the order (judgment) "shall be substantially in the following form."

2. It is contended that the several parcels of land were not sufficiently described or identified in the judgment. That it appears that these parcels are in the city of St. Paul stands unquestioned, but the claim is that it does not appear with certainty in what subdivision they are situated. Under the heading "Addition" are the words "St. Anthony Park North," and then, to the right, in another column, and under the words "Lot" and "Block" are figures, which unmistakably indicate the lots and blocks against which the proceedings are had. We think it plain that these designated lots and blocks are in an addition known as "St. Anthony Park North," and that a man of ordinary intelligence would naturally and necessarily so understand it.

3. Finally, it is argued that the sales to defendant were unauthorized and void because made in each instance for an amount less than the sum due; in fact for the amount of the assessment only.

The statutory provisions as to the amount for which sales are to be made are in sections 44 and 45 of subchapter 7, supra. In section 44 it is provided that on each description the judgment, interest thereon to the day of sale, and costs "shall constitute the total amount for which the property shall be sold," while in section 45 it is enacted that the purchaser of any lot "shall forthwith pay * * * the amount of the judgment due thereon, and on failure so to do the said property shall be again offered for .sale in the same manner as if no such sale had been made, and in no case shall the sale be closed until payment shall have been made," and if no bid is made the lot or parcel of land shall be struck off to the city, and it shall receive the sale certificate. By section 56, the city, in case the sale has been made to it, is authorized to sell the property for the amount due on the assessment, with "interest, penalty, and costs," with a proviso in case a lot sold to the city is again sold for like assessments.

We think that these provisions show beyond any question that the treasurer has no authority to sell to an individual for any amount less than the total due on the day of sale, which is the judgment, interest, and costs; and, if this total amount is not bid, then his duty is to strike the property off as sold to the city. His authority to sell is statutory and limited. It is elementary that public officers whose authority is wholly statutory must exercise that authority in conformity with the statute. Hall v. County of Ramsey, 30 Minn. 68, 14 N. W. 263. The treasurer was invested with the power to sell in the way and for the amount so plainly prescribed in the statute. He could not assume the exercise of a power which was not conferred upon him, and sell for less than the amount due. If he could sell for the amount of the assessment, disregarding and ignoring an additional amount included in the judgment, he could with equal propriety sell for any less sum which might be offered. This was a sale made under a statute by an officer specially empowered to sell, for not less than a prescribed amount, and the sale made and the certificates issued to the purchaser showed upon their face that the latter as well as the treasurer had

disregarded the statutory provisions. A purchaser under such circumstances could acquire no right or interest as against the owner of the property, for he was bound to know and to observe the requirements of the law. The certificates were nullities, and constituted no defense in an action to determine an adverse claim.

The case of Hennessy v. City of St. Paul, 54 Minn. 219, 55 N. W. 1123, has been cited as controlling on this point. From an examination of appellant's brief in that case it appears that the point was therein discussed in support of an assignment that the trial court erred when receiving the certificate in evidence. But counsel's objections to the reception of the certificate on the trial were specific, and did not include an objection that the property was sold for less than the amount of the judgment. This was sufficient reason for an omission to discuss the point in the opinion. Again, in that case the property was "struck off" to the city for want of bidders. This might present a different question from the one herein considered.

Our conclusions are that as to the sufficiency of the form of the judgment and the identification of the property there were no defects, but that the sales for sums less than the amounts due were unauthorized, and the purchaser obtained no rights or interest in the property by virtue of the certificates. Plaintiff, as against such purchaser, was entitled to judgment quieting its title.

Order reversed, and, on the case being remanded, judgment in plaintiff's favor will be entered to the extent herein indicated.