SOPHIA J. HOYT v. ARTHUR B. CHAPIN and Others.[1]

April 4, 1902.

Nos. 12,876—(206).

Tax Deed—Payment of Current Taxes.

The provision of G. S. 1894, § 1616, requiring the payment of current taxes upon lands forfeited to the state at a tax sale under that section, is mandatory, and the issuance of a tax deed conveying title by the state through the county auditor, without the payment of taxes due, though not delinquent at the time it is executed, transfers no title to the purchaser,—following Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409.

Cases Distinguished.

Security Trust Co. v. Von Heyderstaedt distinguished from London & N. W. Mort. Co. v. Gibson, 77 Minn. 394, and held, that the former case was not overruled or modified by the latter.

[1] Reported in 89 N. W. 850.

Action in the district court for Lake county to determine the adverse claims of defendants to vacant and unoccupied land. The case was tried before Ensign, J., who found that the title to the premises was vested in defendant Arthur B. Chapin and that plaintiff had no interest therein. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*H. H. Hoyt* and *John A. Keyes*, for appellant.

*H. H. Phelps* also filed a brief, by consent of counsel.

*J. L. Washburn* and *W. D. Bailey*, for respondents.

*Wm. B. Phelps* also filed a brief, by consent of counsel.

LOVELY, J.

Action to determine adverse claims to a tract of vacant land in Lake county. Under the issues as presented by the pleadings, Arthur B. Chapin held the title in fee to a part of the property, unless devested by proceedings to enforce the payment of taxes for the year 1890, delinquent on the first Monday in January, 1892, and its sale by the state as forfeited, under G. S. 1894, § 1616. The trial court found that defendant Chapin was owner in fee of an undivided portion of the premises, which were unoccupied; that plaintiff claims adverse title thereto, but that such claims "of said plaintiff are entirely without foundation in law or fact, and are invalid." As a conclusion of law, it was held that Arthur B. Chapin was entitled to judgment declaring him to be the owner of such undivided interest in the land. After motion for new trial, which was denied, plaintiff appeals.

The only question presented on this appeal, to quote from appellant's brief, is whether the plaintiff's title, derived through a tax deed issued under G. S. 1878, c. 11, § 101 (G. S. 1894, § 1616), is valid and sufficient. If not, it is conceded she must fail. In addition to the arguments of the counsel in this case, we have had the benefit of briefs and printed arguments of other counsel on a similar issue, filed by consent of all parties, which have greatly aided us in our investigation; but, unless we misapprehend the law that should guide us upon the determinative question involved, it is not at all new in principle, but has been settled by a previous decision of this court.

The tax deed upon which plaintiff relies is regular on its face,

and prima facie evidence of title in her; but it is the contention of defendants that the failure of the purchaser at the tax sale from the state to pay taxes due, though not delinquent, at the time when the deed was issued, was a fatal omission vitiating the tax title, and rendering it a nullity. A tax deed, as provided for in section 1616, supra, was executed and delivered to H. H. Hoyt, plaintiff's grantor, by the county auditor, on December 17, 1898, and it appears from competent evidence received at the trial that, when such deed was delivered, the taxes for 1897 had not been paid. While no proof was offered that taxes were assessed and levied on the property for the year 1897, it does appear that the land had been properly assessed and taxes extended thereon for previous years; hence the court was authorized to take notice of the fact that lands are only assessed in even numbered years; also, that the state tax had been levied by the legislature for the year 1897, and had not been paid when the tax deed in question was executed by the county auditor.

G. S. 1894, § 1616, prescribes, in terms, that

"Real property bid in for the state * * * and not redeemed within two years from the date of sale shall become the absolute property of the state, and may be disposed of by the county auditor at public or private sale as the auditor of state may direct. * * * The county auditor shall, when required by the auditor of state, make out and transmit to him a list of all forfeited lands and lots, showing the date of forfeiture, assessed valuation, amount of taxes, penalties, interest and costs due on each description of property; and no tract or lot shall be sold for less than the amount so shown to be due thereon, unless such amount exceeds the actual value of the property, in which case it may be sold for such sum as it will bring at public or private sale."

It follows from the facts necessarily involved in the findings of the trial court and supported by evidence that the taxes due for 1897 were not paid by the tax title purchaser, and, if the provision in the statute above quoted requires such payment as a condition precedent to the issuance of the tax deed, and was mandatory, the purchaser was obligated, at his peril, to see that in this respect the law had been complied with to secure a valid title to the property in question.

Section 1616 was evidently enacted to authorize a clearing up

sale where lands had been forfeited to the state, the object of the statute being to secure payment of all outstanding taxes and leave nothing at the time of the sale which could raise a question of the validity of any tax claims on the property; hence there was a substantial reason, affecting the public revenues, why the legislature should require all taxes, either current or delinquent, to be liquidated by payment thereof into the treasury before the tax deed could issue. If this provision of the statute is mandatory, it necessarily affects the validity of the deed from the state. The interest of the state, and the substantial purpose to be accomplished, under our view of the law, would seem to be conclusive on this point. See Cooley, Taxn. (1st Ed.) 212; Kipp v. Dawson, 31 Minn. 373, 17 N. W. 961, 18 N. W. 96.

In Security Trust Co. v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219, this court held that the treasurer of the city of St. Paul was not authorized to sell real estate at a tax sale for a sum less than prescribed by statute. This was where an attempted transfer of forfeited land was sold for the amount of the assessment only when the statute required, as a prerequisite to its sale, payment of the entire judgment (the assessment was less than the judgment), and the sale was declared a nullity. This decision rests upon the express ground that public officers, authorized to execute the tax laws, derive their authority entirely from the statute, which confers upon them their sole power to execute the sale. The state in such cases is the principal. through whom such officers, as its agents, are constrained to the most rigid observance of their delegated duties. Generally stated, this is a proposition which will not admit of denial or modification. Neither the state auditor nor the county auditor, in executing the provisions of section 1616, supra, is the state, nor have they the discretion to dispense with obligations plainly imposed upon them by the legislature. They only act in a representative capacity, and in this case were not authorized, but by the plainest implication prohibited from receiving less than the amount required to convey the title to the purchaser. This court, speaking through Justice COLLINS, in Security Trust Co. v. Von Heyderstaedt, supra, said:

"It is elementary that public officers, whose authority is wholly

statutory, must exercise that authority in conformity with the
statute. * * * The treasurer was invested with the power
to sell in the way and for the amount so plainly prescribed in
the statute. He could not assume the exercise of a power which
was not conferred upon him and sell for less than the amount due.
If he could sell for the amount of the assessment, disregarding
and ignoring an additional amount included in the judgment, he
could with equal propriety sell for any less sum which might be
offered. This was a sale made under a statute by an officer spe-
cially empowered to sell for not less than a prescribed amount,
and the sale made and the certificates issued to the purchaser
showed upon their face that the latter, as well as the treasurer,
had disregarded the statutory provisions."

No distinction arises between the rule in Security Trust Co. v.
Von Heyderstaedt and the case at bar, from the fact that the
statute required in the former the payment of the judgment, and
in the latter the payment of the "amount of taxes" so designated.

We are unable to adopt the view that the provision in G. S. 1894,
§ 1616, requiring such payment of taxes, is equivalent to, or
synonymous with, delinquent taxes, for there is a well-understood
distinction between each of such terms. Taxes are due on the first
Monday of January after assessment (G. S. 1894, § 1562); they
become delinquent on the first Monday of January of the follow-
ing year (G. S. 1894, § 1578); and it cannot be doubted that the
state has a substantial interest in the collection of its revenues
from the very moment when they become due and collectible,
which furnishes the sensible reason before suggested for the re-
quirement that current taxes not yet delinquent be paid, as a
prerequisite to the issuance of the deed to the purchaser after
forfeiture, and is more than directory. The evidence in the record
shows that the tax purchaser made written application for the
purchase of these lands, including only the taxes, penalties, costs,
and interest from the forfeiture sales up to and including the
year 1896. The purchaser should have ascertained whether subse-
quent current taxes were due, and paid them, to perfect the title.
The failure to do so not only deprives plaintiff of a valid tax title,
but, as a necessary consequence, affects the sixty-day redemption

notice served upon defendant Chapin; for it is only upon a valid sale, after full compliance with the law by the owner of the tax title, that the notice to redeem provided for in section 1654, G. S. 1894, could be made effectual to devest defendant of his interest in the land. Cole v. Lamm, 81 Minn. 463, 84 N. W. 329.

The finding of the court in favor of the defendant is general in terms, to the effect that he was the owner of an undivided portion thereof, that it was unoccupied, and that his claim was valid. This necessarily includes the subsidiary essential facts that the title to such undivided part was in defendant, that the current taxes for 1897 were due, but unpaid, as well as that the value of the land was not less than the amount of all tax claims against it.

But it is urged that it was not made to appear that the land was actually worth the amount of the outstanding tax claims. This, it is insisted, should have been supported by proof, before it would be presumed, under section 1616, supra, which provides that, where the outstanding tax claims are greater in amount than the value of the property, "it may be sold for such sum as it will bring at public or private sale." Counsel for plaintiff, in this regard, does not give sufficient weight to the necessary inference that follows from the assessor's official return, which was offered and received in evidence. Such return for the year when the sale was made shows that the property was worth, exclusive of structures and other improvements, more than double the amount for which it was sold at the tax sale. Though real property is rarely assessed at its full value as a matter of fact, yet, under the constitution and tax laws of this state, it must be presumed, in absence of proof to the contrary, that assessors and equalization boards will perform the duties enjoined by law, and assess property at its true value; hence the court was authorized, upon the assessor's return in this case, which was not contradicted, to find, upon such prima facie showing, that the land was bought by the purchaser for less than its value.

There is nothing in the case of London & N. W. Mort. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, 777, which conflicts with the rule laid down in Security Trust Co. v. Von Heyderstaedt, supra. In the former action, there was a clerical mistake of seventy-five

85 M.—34

cents in the computation of taxes in an aggregate of $678. This error was so small that the court applied the rule "de minimis," and the decision of that cause went upon that ground, without overruling the doctrine established in the Von Heyderstaedt case which ever since its determination has continued to be the settled law of property in this state affecting large substantial interests, which would be jeopardized by an interference with the rule laid down therein.

The very thorough consideration which has been given to the construction of our tax laws relative to the mooted questions in this case in the light of authorities here and elsewhere, as well as the exhaustive discussion upon the merits of all legal questions supposedly involved, by the able counsel who have intervened with their briefs, have been attentively considered. They have been helpful, and of much benefit to the court, and if we have not more fully recognized their bearing upon our decision it is for the reason that such a course would extend this opinion to an unusual length and tend to obscure the result we have reached.

Under our present views, as above expressed this decision must rest upon the doctrine of stare decisis.

The order appealed from is affirmed.