JOHN OLSON v. D. G. CASH.[1]

April 27, 1906.

Nos. 14,692—(121).[2]

**Tax Deed—Curative Act.**

> Payment of current due taxes is mandatory, when a deed is executed under the provisions of sections 1616, 1617, G. S. 1894, and, when omitted, such deed is void. Hoyt v. Chapin, 85 Minn. 524. And chapter 360, p. 650, Laws 1903, being an act to legalize such deeds where the current taxes were not included in the amount of the purchase price, is unconstitutional.

Action in the district court for St. Louis county to determine the adverse claims of defendant to vacant and unoccupied land. The case was tried before Dibell, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*John Olson,* for appellant.
*M. Douglas,* for respondent.

LEWIS, J.

Action to determine adverse claims to real estate. The premises in question were sold for taxes May 2, 1892, and bid in for the state pursuant to the real estate tax judgment. July 27, 1895, appellant obtained a deed absolute from the county auditor and paid in consideration therefor $142, which amount covered the tax judgment and also the taxes due and unpaid for 1890, 1891, 1892, and 1893, but did not include the taxes then due and unpaid for 1894. Thereafter appellant caused due notice of the expiration of redemption to be served personally upon respondent, who claimed to be owner of the premises, and no redemption was ever made. The court found respondent was the owner in fee, and appeal was taken from the judgment duly entered.

The tax deed which appellant received from the county was void for the reason that the taxes then due for 1894 were not included in the consideration. Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850; Chad-

---

[1] Reported in 107 N. W. 557.          [2] April, 1906, term calendar.

bourne v. Hartz, 93 Minn. 233, 101 N. W. 68. It is claimed, however, that such deed was validated by chapter 360, p. 650, Laws 1903. That act attempted to legalize all such deeds issued before its passage by any county auditor under the direction of the state auditor conveying real property purchased from the state under the provisions of sections 1616, 1617, G. S. 1894, in which taxes then due, but not delinquent, were omitted from the amount of the purchase price. If appellant acquired no title under his deed, then the legislature possessed no power to infuse life into the deed. Hoyt v. Chapin, supra, rests upon the principle that it was mandatory upon the officers to include the current due taxes, and that there was no authority anywhere in the law for the execution and delivery of such deed without so doing.

Sometimes rather broad language has been employed in defining the power of the legislature in passing curative acts. It is not strictly true that the legislature has authority to dispense with the necessity of something which it might formerly have done away with. The legislature cannot disturb a vested right, nor confer jurisdiction in a proceeding upon which a title depends when there was originally no jurisdiction. This principle in respect to tax matters is covered in the case of McCord v. Sullivan, 85 Minn. 344, 88 N. W. 989, 89 Am. St. 561, where it was held that the legislature could not cure a defective notice of tax sale, and the decision is based on the fact that the notice was jurisdictional and mandatory, and that the public authorities had no power to proceed without complying with the law. The same principle was applied in the case of Doherty v. Real Estate Title Ins. & Trust Co., 85 Minn. 518, 89 N. W. 853, where it was held that no tax title was acquired under a state assignment executed under the provisions of section 1601, G. S. 1894, when the delinquent taxes were not included. See also Security Trust Company v. Von Heyderstaedt, 64 Minn. 409, 67 N. W. 219.

It follows, therefore, that the payment of the current taxes due was a jurisdictional necessity, that the deed issued to appellant was void, and that chapter 360, p. 650, Laws 1903, did not have the effect of making it good.

Judgment affirmed.