## JOHN B. ARNOLD v. COUNTY OF COOK AND OTHERS.[1]

November 10, 1916.

Nos. 19,917—(34).

**Evidence — tax assignment certificate not conclusive.**

1. Tax assignment certificates conveying the interest of the state in lands bid in for the state but still subject to redemption by the owner, do not have the conclusive effect given to a Governor's deed conveying forfeited land and executed after the time for redemption by the owner has expired.

**Tax assignment certificates void.**

2. In making such assignments, the auditor exercises a statutory power, and, as the assignments in controversy were made upon the payment of a less amount than required by the statute, they are void.

Action in the district court for Cook county to cancel a certain redemption receipt and the entries made in the tax judgment record of the county auditor showing a redemption of the lands described in the complaint by defendant Wood and certain other entries in the tax records, and to permit plaintiff to pay to the county treasurer the amount of redemption money paid to plaintiff, and that plaintiff be restored to all rights under the state assignment certificates mentioned in the opinion. The case was tried before Cant, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings of fact was denied in part, and his motion to set aside the judgment was denied. From the judgment entered pursuant to the order for judgment and the order denying the motion to amend the findings of fact, plaintiff appealed. Affirmed.

*Arnold & Arnold,* for appellant.

*Thomas S. Wood, G. A. E. Finlayson, H. H. Phelps* and *D. B. McAlpine,* for respondents.

[1] Reported in 159 N. W. 825.

Taylor, C.

Defendant Dadman was the owner of two fractional sections of land in the county of Cook which were bid in for the state at the tax sale held May 13, 1907, for the taxes of 1905. The taxes for 1906, 1907 and 1908 were not paid and became delinquent. On July 22, 1910, plaintiff applied for an assignment of the tax title under section 935, R. L. 1905, (section 2126, G. S. 1913), which provides that the county auditor shall assign and convey land bid in for the state "to any person who shall pay the amount for which the same was bid in, with interest at the rate of twelve per cent per annum, and the amount of all subsequent delinquent taxes, penalties, costs, and interest at said rate upon the same from the time when such taxes became delinquent."

The amount for which the land was bid in and interest thereon together with the subsequent taxes and interest thereon amounted to the sum of $2,016.53. By inadvertence or mistake, the auditor computed the interest upon the delinquent taxes from the thirteenth day of May of the year in which they became delinquent, and not from the first Monday in January of that year, thereby omitting something more than four months' interest from the amount of each delinquent tax. The amount required for the assignment as computed by the auditor was the sum of $1,962.23, being $54.30 less than the correct amount, which sum plaintiff paid into the county treasury and thereupon received two assignment certificates, one for each section of the land.

1. The auditor was exercising a statutory power and was wholly without authority to assign the tax title until the amount prescribed by the statute had been paid. Doherty v. Real Estate T. I. & T. Co. 85 Minn. 518, 89 N. W. 853; Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850; McLachlan v. Carpenter, 75 Minn. 17, 77 N. W. 436; Berglund v. Graves, 72 Minn. 148, 75 N. W. 118. Possibly a trifling error in computation might be disregarded as within the *de minimis* doctrine, but no substantial variation from the statutory requirement can be permitted although made inadvertently. As held in Security Trust Co. v. Heyderstaedt, 64 Minn. 409, 67 N. W. 219, an officer selling under a statutory power has no power to sell for less than the amount fixed by the statute; and our conclusion is that the assignment certificates are void for lack of power in the auditor to execute them.

2. Plaintiff contends that the defendants cannot defeat his title by showing that the sale was void because made for a less amount than the law permitted, and relies upon Hage v. St. Paul Land & Mortgage Co. 107 Minn. 350, 120 N. W. 298, as sustaining this contention. That case held that where a parcel of land, forfeited to the state, had been sold under and pursuant to the statute providing for the disposal of such forfeited lands and a Governor's deed had been given therefor, such deed could not be defeated by the former owner of the land by proof of the fact that the sale had been made for a less amount than the law authorized. That decision was based upon the force and effect given to a Governor's deed by the statute. The present proceedings were not under the statute providing for the disposal of forfeited lands, but under the statute providing for the assignment of the interest of the state in lands bid in for the state but still subject to redemption by the owner. Although the assignments were made more than three years after the sale, they had no greater effect than if made before the expiration of the three year period. Section 1594, G. S. 1894, provided what force and effect should be given to tax certificates; by section 1601, G. S. 1894, the same force and effect were given to the assignment certificates considered in Doherty v. Real Estate T. I. & T. Co. 85 Minn. 518, 89 N. W. 853; and by section 1617, G. S. 1894, the same force and effect was given to the deed held void in Hoyt v. Chapin, 85 Minn. 524, 89 N. W. 850. By section 940, R. L. 1905, in force when plaintiff took his assignments, the same force and effect was given to such assignments that had been given to the assignments involved in the Doherty case, and to the deed involved in the Hoyt case. Section 938, R. L. 1905, prescribing the force and effect to be given to a Governor's deed did not apply to such assignments. Our conclusion is that an assignment of the interest of the state in lands bid in for the state, but still subject to redemption by the owner, does not have the conclusive effect given by section 938, R. L. 1905, to a Governor's deed executed after the land had been forfeited to the state and after the time for redemption by the owner had expired, and that such assignments may be attacked upon the ground that the land was sold for an amount not authorized by law.

While the redemption pursuant to which plaintiff received back his money with interest thereon was probably valid, it is not necessary to

decide that question as plaintiff had no title to the land for the reasons above stated.

Judgment affirmed.