ROY J. O'NEIL AND SUSAN H. BURNS, ADMINISTRATORS OF THE ESTATE OF M. J. O'NEIL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 71706.   Promulgated November 23, 1934.

*Baldwin Schroeder, Esq.,* for the petitioners.
*E. L. Corbin, Esq.,* and *J. L. Deveney, Esq.,* for the respondent.

ARUNDELL: The respondent has determined a deficiency in income tax for the period June 10, to December 31, 1931, in the amount of $2,828.52. The greater part of the deficiency results from the disallowance of a claimed deduction for real estate taxes paid, and this disallowance is the only matter in controversy. The facts were stipulated.

M. J. O'Neil died on June 10, 1931, a resident of Minnesota, and owning real estate in the state. Under Minnesota statutes there were accrued against his real estate, on the first Monday in January 1931, taxes for the calendar year 1930 in the amount of $47,216.60. Under Minnesota statutes such taxes were payable, without penalty for delinquency, in two installments—one half before June 1, 1931, and the other half before November 1, 1931. Decedent paid one half of the taxes, $23,608.30, on May 1, 1931. Deduction for the remaining one half was claimed and allowed in determining the value of the estate for Federal estate tax purposes.

The remaining one half of the real estate taxes, $23,608.30, was paid by petitioners between June 10 and November 1, 1931. A deduction for the taxes paid by the decedent was claimed in an income tax return filed for the period January 1 to June 10, 1931, and a deduction for the taxes paid by petitioners was claimed in an income tax return filed for the period June 11 to December 31, 1931. Both returns were made on the cash receipts and disbursements basis.

On the facts above outlined we are of the opinion that the taxes paid in 1931 after the death of the decedent may not be deducted from gross income of the estate. Under the Minnesota statutes real property subject to taxation is listed and assessed every even numbered year with reference to its value on May 1 (sec. 1984, Mason's Minnesota Statutes), and taxes assessed on real property are a lien thereon from May 1 in the year in which they are levied until paid. Sec. 2191. Taxes voted by the legislature and the counties, cities, and other subdivisions of the state are thereafter certified to the several county auditors, who calculate and fix the tax rates and are required to deliver the tax lists to the county treasurers on or before the first Monday in January following the listing of the property. Sec. 2074. Upon delivery of the lists to the county treasurer it becomes his duty to collect the taxes listed, which become "due on the first Monday in January after assessment." *Hoyt* v. *Chapin*, 85 Minn. 524; 89 N. W. 850. Under section 2104 the taxes may be paid in two installments, one prior to June 1 and the other prior to November 1, without penalty for delinquency.

There have been several cases involving the question of the date on which property taxes accrued under Minnesota statutes. In *Cloquet Co-operative Society*, 21 B. T. A. 744, and *Leamington Hotel Co.*, 26 B. T. A. 1004, it was held that for Federal income tax purposes the tax accrued on May 1 of the year of levy. To the same effect is G. C. M. 7235, C. B. VIII–2, p. 197. In *Thompson* v. *United States*, 8 Fed. (2d) 175, an estate tax case, the decedent died on May 1, 1919, and it was held that taxes on the land for 1918 and also the 1919 taxes were deductible from gross estate. The 1919 taxes, it was held, "became a lien against the estate as of May 1, 1919, and as such were a claim against the estate of the decedent on May 1, 1919."

Applying the above cited statutes and cases to the facts here, it appears that the taxes levied against decedent's property for 1930 became a lien thereon on May 1, 1930, and became due on the first Monday in January 1931. Whether we take the view that they accrued when the lien attached or when they became due is immaterial, for both dates are prior to the date of death of decedent. Clearly, on one of those dates all events had occurred which fixed the amount of the tax and determined the liability to pay it, *United States* v. *Anderson*, 269 U. S. 422, hence the amount was a claim against the estate. *Thompson* v. *United States*, *supra*. Claims against the estate are deductible from the corpus and not from income of the estate. Cf. *John M. Brown, Executor*, 11 B. T. A. 1203, holding that salary owing to decedent's employee for services rendered to the decedent, and paid by the executor, was not a proper charge against income. To allow claims against the estate as deductions from corpus and again from income would amount to a double deduction. "In the absence of a provision of the Act definitely requiring it, a purpose so opposed to precedent and equality of treatment of taxpayers will not be attributed to lawmakers." *Ilfeld Co.* v. *Hernandez*, 292 U. S. 62.

Some argument is made that under the Minnesota statute taxes on realty are not a personal liability but are merely a claim against the land. We fail to see wherein this is decisive of the question. Even if the taxes were not a personal obligation, the owner of the land was bound to discharge it if he wanted to keep title to the land. If the contention made is sound it would seem all the more clear that the liability was one which reduced the corpus of the estate rather than income of the administrators, inasmuch as the land formed part of the estate.

*Decision will be entered for the respondent.*