JOHN HAVARD ET AL. *v.* DAVID DAY.

1. TAX ASSESSMENT.  *Description of land.  Case in judgment.*
   A description of land in an assessment roll as "Spanish Claim, Sec. 13, T. 4, R. 1
   E., 640 acres," is good, and sufficiently certain to support a sale of the land
   for taxes.

2. TAX SALE.  *In  Wilkinson  County.  For  taxes  abolished.  Acts  of  1876  con-
   sidered.*
   A sale of land on the first Monday of June, 1876, for the taxes of 1875, under
   a special act of the legislature, approved March 23, 1876, extending the
   time for such sales in W. County from the second Monday in March, as pro-
   vided by the general law, to the first Monday in June, is not void because
   the State taxes for which the sale was made include the "teachers' tax,"
   and the one-mill tax imposed by § 1663 of the Code of 1871, which had
   been abolished, the former by an act approved April 10, 1876, and the
   latter by an act approved April 15, 1876, it being the plain intent of the
   legislature, deduced from considering together the three acts referred to,
   that the last two acts mentioned were not intended to affect the operation
   of the special act in relation to W. County, nor to prevent the collection
   in that county of the same tax which had been paid by the other counties
   of the State.

3. SAME.  *Excess in taxes, when immaterial.*
   A sale of land for taxes upon a demand of one and six-tenths of a cent in
   excess of the legal amount due is not invalid where such excess is not in the
   levy, but occurs in the tax collector's calculation of the amounts of the
   several taxes and the aggregate thereof, and is produced by conformity to
   the common practice of writing down whole numbers, rather than fractions
   where no appreciable difference results.

4. TAX LEVY.  *In Wilkinson County, year 1875.  Reduction thereof.  Effect.*
   The levy of county taxes by the Board of Supervisors of W. County, at a
   meeting commenced on the second Monday of October, 1875, being at the
   time prescribed therefor by law (act approved July 31, 1875), a subsequent
   order of that board made at a meeting held in November, 1875, by which
   such levy was reduced, cannot be considered as changing the time of the
   levy, even as to delinquent lands sold upon the basis of the reduction.
   *McCready* v. *Lansdale,* 58 Miss. 877, approved.

APPEAL from the Circuit Court of Wilkinson County.
HON. J. B. CHRISMAN, Judge.
This action of ejectment was brought in March, 1884, by David

Day, to recover of John Havard and others a certain section of land which the plaintiff claimed through a deed from the auditor of public accounts, dated February 2, 1883, and through the list of lands sold to the State by the sheriff and tax collector of Wilkinson County, on the 5th of June, 1876, for the taxes due thereon for the year 1875. The land was described in the assessment roll, list of lands sold to the State, auditor's deed, and the plaintiff's declaration as "Spanish Claim, Sec. 13, T. 4, R. 1 E., 640 acres." The board of supervisors of the county mentioned met on the first Monday of July, 1875, but made no levy of taxes. The county taxes were levied upon this land on the 16th of October, 1875, at a meeting of the board of supervisors commenced on the second Monday of that month, but, on the 25th of November, 1875, at a subsequent meeting, the board reduced the previous levy, and the sale to the State was based upon the levy so reduced.

The parties, waiving a jury, submitted the case to the judge upon the plaintiff's declaration, the plea of " not guilty " entered by the defendants, and proof establishing the facts above stated and some further facts sufficiently stated in the opinion of this court, and he rendered a judgment for the plaintiff. Whereupon the defendants appealed.

*J. F. Sessions* and *H. Cassedy*, for the appellants.

1. As to so much of the land as is described as "Spanish Claim," six hundred and forty acres, the assessment and auditor's deed are void for uncertainty.

It is impossible to tell from such assessment what six hundred and forty acres of the "*Spanish Claim*" was delinquent for taxes. *Dingey* v. *Paxton,* 60 Miss. 1048, 1049.

2. The entire sale was void because sold for an illegal State tax. The " teachers' tax and the one-mill tax imposed by § 1663 of the Code of 1871 were exacted, though the laws imposing them had been repealed. The repeal of a tax law before the tax is collected puts an end to the tax itself where no rights are reserved in the repealing act and nothing in the act indicates a contrary intent." Cooley on Taxation 14.

A sale made after the repeal of a statute imposing a tax for the

tax so levied is absolutely void.     Blackwell on Tax Titles 553, 554.

That a sale in part for an illegal tax is void is too well settled by judicial decisions in this State to admit of debate. *Dogan* v. *Griffin,* 51 Miss. 782; *Beard* v. *Green,* 51 Miss. 856 ; *Shattuck* v. *Daniel,* 52 Miss. 834 ; *Gamble* v. *Witty,* 55 Miss. 26.

The principle stated by both Cooley and Blackwell, as to the effect of the repeal of a statute pending proceedings under it, is fully recognized by the decisions of the Supreme Court of this State in the following cases and others : *Musgrove* v. *V. & N. R. R. Co.,* 50 Miss. 677 ; *French* v. *State,* 53 Miss. 651.

3. Simple calculation will show that the land, "Spanish Claim," was sold for an excessive county tax.

We will be excused for referring to seemingly so trivial a matter when it is remembered that so distinguished an author as Judge Cooley has seen proper, in his excellent work on Taxation, to refer to the same subject in no uncertain language, thus : " If a valid levy were to be increased afterward by unlawful additions the sale would be equally bad. A sale for anything more than is lawfully chargeable is a sale *without jurisdiction* and *therefore void."* Cooley on Taxation 344.

The same author repudiates the idea that the maxim " *de minimis lex non curat* " is applicable to tax sales. Ib. 296, 297.

4. The sale was void because the county levy was made at the wrong time, viz.: 25th of November, 1875.

The levy should have been made at the meeting on the first Monday of July. (Section 1372, Code of 1871.)

No fair construction of the act of July 31, 1875, pages 17 to 19, authorizing an assessment of the lands and treating only of the assessment, can operate as an amendment or repeal of § 1372 of the Code of 1871.

*C. P. Neilson* and *D. C. Bramlett,* for the appellee.

1. In reply to first point made for appellants, that the assessment and deed as to " Spanish Claim " are void for uncertainty, we say the land is no *part* of section " 13, T. 4, R. 1 E., 640 acres," but the whole of it, and to add to the certainty of

the description it is further designated as a " Spanish Claim," as frequently it occurs in that portion of the State. A " Spanish Claim " or grant comprises an entire section, or two or even more sections or parts of sections. In this case there is no uncertainty. It was Section 13, T. 4, R. 1 E., six hundred and forty acres, which was forfeited to the State and purchased by appellee.

2. The second point for appellant, that the sale is void, we think untenable. The land was sold for taxes of 1875. It is not contended that the levy for State tax was not in accordance with the law of 1875, but it is insisted that the law of 1876 repealed the tax imposed by § 1663, Code of 1871, for bonds, and the two mills State and teachers' tax ; and that as the land was not sold until after the law of April, 1876, was in force, the tax for 1875, not having been collected, was, by virtue of such repeal, released and satisfied. If this construction prevails every change in the revenue law would render void all uncollected taxes of prior years. A statute is never given a retroactive construction unless the language of the act demands it. It was clearly the intention of the legislature that the legislation should apply only to future levies. We cannot see that the authorities cited by appellant on this point are at all applicable to this cause. The intent not to " put an end to the tax," already levied and past due, by repealing the law, is clearly indicated in the act.

3. Nor is the position taken that the sale is void because of the excess of taxes demanded tenable. The authorities cited by appellant refer to an illegal or excessive " levy." It is not contended that the " levy " here was excessive, but the excess, if any, arose from an " unintentional error in calculation " too small to notice. Cooley on Taxation 297, note 2.

As to the point made by appellant—that the levy was not made at a time fixed by law—the case of McCready v. Lansdale settles the question conclusively. The question before the court was the levy made on the 25th November, 1875, and the court say, " The levy of county taxes was made at the time prescribed by law." 58 Miss. 880.

CAMPBELL, J., delivered the opinion of the court.

The description of the land as " Spanish Claim, Sec. 13, T. 4, R. 1 E., 640 acres," was not void for uncertainty.

The sale, by the tax collector of Wilkinson County, on the first Monday of June, 1876, was not void because it was made for a State tax of seven and one-fourth mills on the dollar of the valuation of taxable property. It is true that when the sale was made, the two mills " teachers' tax," and the one mill imposed by § 1663 of the Code of 1871 had been abolished as to future fiscal years, but it is manifest that it was not the legislative will that the tax collector of Wilkinson County should omit to collect these items for the fiscal year 1875. On the contrary, it is plain that the legislature intended that the taxes levied under existing laws for 1875 should be collected in that county. This view is deduced from considering the act of March 23, 1876, as to the collection of the taxes for 1875 in that county, Acts 1876, p. 345, in connection with the act approved April 10, 1876, entitled, " An act to reduce taxes," etc., Acts, p. 90, and " An act in relation to public revenue," etc., approved April 15, 1876, Acts, p. 129. Considering these several acts, it appears to be a just view, and maintainable on settled rules of interpretation, that the act as to Wilkinson County was not affected by the other acts, which looked to the future, and were not intended to disturb the arrangement previously made for Wilkinson County as to the taxes of 1875, which had already been levied and were then being collected. It certainly was not the legislative intention to release Wilkinson County from the payment for the fiscal year 1875 of taxes levied in pursuance of existing laws, and which had been paid by the other counties of the State.

The sale was not void for " an excessive county tax." The State tax was seven and one-fourth mills on the dollar. The valuation of the six hundred and forty acres constituting the section was two thousand five hundred and sixty dollars. The State tax on that was eighteen dollars and fifty-six cents. The county levy was one hundred and forty per cent. of the State tax, which, added to the State tax, made forty-four dollars fifty-four cents and four mills,

and five dollars and twelve cents added for " teachers' tax " aggregated forty-nine dollars sixty-six cents and four mills. The sum for which the sale was made was forty-nine dollars and sixty-eight cents, or one and six-tenth cents too much. That excess occurred in this way : The levy for county tax was divided as follows, viz. :

| | | |
|---|---:|---|
| Judiciary fund, | 60 | per cent. |
| Bridge fund, | 10 | " |
| Poor fund, | 5 | " |
| Repair fund, | 10 | " |
| General county fund, | 20 | " |
| Superintendent education, | 5 | " |
| School fund, | 5 | " |
| Bond fund, | 25 | " |

and in computing the sum for each and extending it on the assessment roll, ninety-three cents was put down instead of ninety-two cents and eight mills as the school tax, and one dollar and eighty-six cents was set down instead of one dollar and eighty-five cents and six mills, and so on through the list, whereby an excess of one cent and six-tenths of a cent was demanded, resulting from conformity to the common practice of writing down the whole number rather than the fraction when no appreciable difference results. An error so trivial and innocent as this did not annul the sale.

We approve the proposition of law contended for by counsel for the appellant in a proper case for its application, but not in this.

The sale was not void because the county levy of taxes was made at the wrong time. The levy was properly made at the meeting of the board of supervisors begun on the second Monday of October, 1875. We have carefully reconsidered this question, and adhere to our declaration on this subject in *McCready* v. *Lansdale,* 58 Miss. 877.

*Affirmed.*