CHRISTIAN HENNINGSEN v. CITY OF STILLWATER.[1]          81   215|
                                                        85   446|

October 18, 1900.

Nos. 12,210—(10).[2]

## Sale for Unpaid Local Assessment—Statute of Limitations.

*Held*, that the rule laid down in London & N. W. A. Mort. Co. v. Gibson, 77 Minn. 394, as to the effect of a charter provision limiting the period of time within which an action must be brought to question the validity of a sale of real property for the nonpayment of assessments for

[1] Reported in 83 N. W. 983.          [2] October, 1900, term.

local improvements, is applicable to a similar provision found in the charter of the city of Stillwater (Sp. Laws 1891, c. 50, § 48).

**Sale upon Void Judgment.**

*Held*, further, that it is immaterial that in the complaint in the case at bar it is alleged that the judgment upon which the sale was predicated was rendered without jurisdiction.

**G. S. 1894, § 5821, as Amended.**

. It is also *held* that G. S. 1894, § 5821, as amended by Laws 1897, c. 266, does not affect the limitation clause in section 48, supra.

Appeal by plaintiff from an order of the district court for Washington county, Crosby, J., sustaining a demurrer to the complaint. Affirmed.

*J. N. Castle*, for appellant.

*J. C. Nethaway*, for respondent.

COLLINS, J.

The rule laid down in London & N. W. A. Mort. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, disposes of this appeal. A clause found in the St. Paul city charter, limiting the period of time within which an action could be brought to question the validity of a sale of land within that municipality to satisfy a judgment for a special assessment for local improvements against it, was construed, and it was held that this limitation applied to all actions brought to set aside such a sale. In substance, the same clause is found in the charter of the city of Stillwater, in which city the present cause of action is alleged to have arisen (Sp. Laws 1891, c. 50, § 48), and the object of the action is to have annulled and set aside certain proceedings against plaintiff's property which have resulted in a sale to defendant city to satisfy a judgment against the same for the amount of an assessment for a local improvement, all of the proceedings having been irregular and insufficient, and the judgment having been obtained without jurisdiction, according to the allegations of the challenged pleading.

In section 48, supra, it is provided that no sale of lands in said city made on account of unpaid special assessments for local improvements shall be set aside or held invalid unless the party ob-

jecting shall prove certain things, nor shall such sale be set aside or held invalid,

"Unless the action in which the validity of the sale shall be called in question be brought, or the defense alleging its invalidity be interposed, within three years after the date of the sale."

As said before, this language is, in substance, that found in the St. Paul charter, and the London & N. W. A. Mort. Co. case governs. It should be said, in passing, that the word "now," at the beginning of the second paragraph in section 48, is obviously a clerical error. It should be read "nor." Counsel for plaintiff contends that there is a wide distinction between the case relied on and the one at bar, because in the complaint now under consideration it is specifically alleged that steps necessary to confer jurisdiction to assess were not taken, and that the judgment was rendered without jurisdiction. Unfortunately for this contention, the distinction urged by counsel is not recognized by the charter provision. Sales based on judgments which have been entered without jurisdiction are not in terms excepted from its operation, and we cannot read any such exception into it.

Counsel also invokes the aid of G. S. 1894, § 5821, which was amended before the commencement of this action (Laws 1897, c. 266), and suggests that our attention was not directed to it when considering London & N. W. A. Mort. Co. v. Gibson. There are two reasons why that section as amended is not pertinent to the present controversy. First, by express terms, it is applicable only in cases where a party claims title to, or an interest in, real property by or through a tax certificate or a tax deed. Such is not this case, for no certificate or deed has been issued; the complaint merely alleging that defendant city threatens to sell its interest and to issue a conveyance. Second, as amended, section 5821 contains nothing which affects the limitation clause in this charter. Prior to the amendment there was a provision therein which rendered nugatory all previously existing statutes of limitation, but that provision (last clause of section 5821) was omitted in the amendatory act.

Finally, it must be borne in mind, as was said in the London & N. W. A. Mort. Co. case, that the rule enforced here applies to the

particular remedy herein sought to be enforced, but it does not apply to the property itself.   See Baker v. Kelley, 11 Minn. 358 (480).

Order affirmed.