ANNA M. WILLARD v. JOHN B. HODAPP and Another.[1]

June 8, 1906.

Nos. 14,803—(98).

**Assessment for Local Improvement.**

Action to determine adverse claims to real estate. The plaintiff is the owner of the land unless her title has been divested by a tax judgment and sale under which the intervenor claims title. The tax judgment and sale were for assessments for local improvements pursuant to the provisions of the charter of the city of Mankato.

**Limitation of Actions.**

Short statutes of limitations as to actions to test the validity of tax sales do not apply to actions for the possession of real estate, nor to actions where the party invoking the statute alleges title in himself by virtue of the tax sale and asks the court to determine the question of title upon the merits and adjudge it to be in him, for such a judgment would carry with it as a necessary incident the unquestionable right to the possession of the land. London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, followed.

**City of Mankato—Judgment.**

Judgments in local assessment proceedings under the charter of the city of Mankato stand upon the same basis as judgments in ordinary tax proceedings and cannot be impeached in a collateral action by showing irregularities in the assessment proceedings.

**Findings.**

The finding and decision of the trial court to the effect that the tax sale was valid and the intervenor the owner of the land in question are sustained by the evidence.

Appeal by plaintiff from an order of the district court for Blue Earth county, Lorin Cray, J., denying a motion for a new trial. Affirmed.

*A. E. Clark* and *Pfau & Pfau,* for appellant.

*C. O. Dailey,* for respondents.

START, C. J.

This is an appeal from an order of the district court of the county of Blue Earth denying the plaintiff's motion for a new trial in an action to determine adverse claims to certain lots in the city of Mankato.

[1] Reported in 107 N. W. 954.

The complaint alleged that the plaintiff was the owner in fee of the lots; that they were vacant and unoccupied and that the defendants without right claimed an interest therein adverse to the plaintiff. The prayer of the complaint was for judgment that the plaintiff was the owner of the lots and that the defendants and each of them have no estate in or lien thereon. The defendant John B. Hodapp by his answer denied that he ever had or claimed any interest in the lots. The defendant city of Mankato by its answer denied the allegations of the complaint, except it admitted that at the commencement of the action it had and claimed to have an interest and estate in the lots, and alleged that since the commencement of the action it had sold its right, title, and interest in the premises to Martha Hodapp. Thereupon she came into the action as intervenor, and by her answer denied the plaintiff was the owner of the lots, and alleged that the city of Mankato was the owner thereof and on June 17, 1904, it duly sold and transferred the lots to her; that her title thereto was based upon three tax deeds, copies of which were attached to and made a part of the answer; that the plaintiff's cause of action accrued more than one year before the commencement thereof, which was commenced more than one year after the respective dates of sale of the lots at the time and in the manner stated in the deeds. The answer prayed judgment that the plaintiff take nothing by the action and that the title to the lots be adjudged to be in the intervenor. The reply of the plaintiff denied the allegations of the intervenor's answer and set out certain alleged defects in the tax title.

The facts found by the trial court are substantially the following: In October, 1874, the plaintiff became the owner of the lots which are and ever have been vacant and unoccupied. In proceedings for the purpose of enforcing payment of special assessments levied upon the lots for a local improvement, a judgment was duly rendered against each lot in the district court of the county of Blue Earth for the amount of the assessment against it with interest and costs. On February 20, 1896, pursuant to the judgment the lots were separately sold to the city of Mankato and separate certificates of sale for each lot duly made and delivered. The time to redeem the lots, except as to one of them, expired on June 17, 1904, and the city of Mankato conveyed them

to the intervenor, who thereby became the owner thereof. No sufficient notice of the expiration of the period of redemption as to the excepted lot was ever given, and the plaintiff is the owner thereof. As conclusions of law the court directed judgment for the plaintiff that she was the owner of the excepted lot subject to the judgment and for the intervenor and defendants as to the other lots. Upon the merits of the action it is clear that the plaintiff is the owner of all of the lots unless her title has been divested by a valid tax judgment and sale.

1. The intervenor, however, raises the preliminary objection that this is an action to determine the validity of the assessment proceedings, hence it is barred by the statute of limitations in the charter of the city of Mankato relating to assessments, judgments, and sales, which so far as here material is this:

> No sale shall be set aside or held invalid * * * unless the action, in which the validity of the sale shall be called in question, be brought or the defense alleging its invalidity be interposed within one year after the date of the sale. Sp. Laws 1891, p. 436, c. 47, § 50.

Short statutes of limitations as to actions to test the validity of tax sales, as construed by this court, do not apply to actions for the possession of real estate, nor to actions where the party invoking the statute alleges title in himself and asks the court to determine the question of the title upon the merits and adjudge it to be in him, for such a judgment would carry with it as a necessary incident the unquestionable right to the possession of the land. Baker v. Kelley, 11 Minn. 358 (480); Kipp v. Johnson, 31 Minn. 360, 362, 17 N. W. 957; Feller v. Clark, 36 Minn. 338, 340, 31 N. W. 175; London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, 777; Henningsen v. City of Stillwater, 81 Minn. 215, 83 N. W. 983; Holmes v. Loughren, 97 Minn. 83, 105 N. W. 558.

The question was directly involved and decided in the case of London & N. W. Am. M. Co. v. Gibson, which was an action to determine adverse claims to real estate. The answer denied that the plaintiff was the owner of the land, alleged that the defendant was the owner by virtue of a tax title, and pleaded the short statute of limitations ap-

plicable to tax sales and prayed judgment on the merits that the defendant was the owner of the land. The district court sustained the defendant's tax title, and directed judgment on the merits for the defendant establishing his title and that the plaintiff take nothing by his action. Upon the hearing of plaintiff's appeal in this court it was urged that the action was not brought within the time limited by the statute, hence no question as to the invalidity of the defendant's tax title could be raised. The question whether the statute applied to a case where the tax title claimant sought to have his title adjudicated on the merits was logically the first question to be considered, and the court held that the action was not seasonably brought but that the defendant having set up title in himself by virtue of the tax title and asked that he be adjudged the owner of the land by virtue thereof he could not invoke the statute to prevent an inquiry into the validity of his title. The case of Henningsen v. City of Stillwater was an action brought by the record owner of the land to set aside a tax judgment and sale. The complaint set out in detail the alleged defects in the tax proceedings. It appeared upon the face of the complaint that the action was barred if the statute applied. The defendant demurred to the complaint and the demurrer was sustained by the district court and this court. There is no conflict between the two cases.

We hold that the intervenor cannot invoke the statute of limitations in this case. If she wished to rely upon the statute to defeat this particular action she should have pleaded the statute and asked for a dismissal of the action and not an adjudication of her title upon the merits.

2. The plaintiff claims that the sale of the lots by the city to the intervenor is void because the sale was made through the alleged agency of her father, the defendant, John B. Hodapp, who was then recorder of the city and in violation of the prohibition of the city charter to the effect that no officer of the city shall be a party to or interested in any contract in which the city is interested. There was no finding by the trial court that the city recorder was interested in the sale nor does the evidence require such a finding as a matter of law, hence there is no basis of fact for the claim and it is without merit.

3. The plaintiff urges several alleged errors in the proceedings

culminating in a judgment for the assessment which occurred prior to the application of the city treasurer to the district court for judgment against the several lots for the unpaid assessment thereon. Judgments in local assessment proceedings pursuant to the provisions of the charter of the city of Mankato, which are similar to those of the charter of St. Paul, stand upon the same basis as judgments in ordinary tax proceedings and cannot be impeached in a collateral action by showing irregularities in the assessment proceedings. Hause v. City of St. Paul, 94 Minn. 115, 102 N. W. 221.

It is urged that the notice of intended application to the district court for judgment by the city treasurer is not sufficient to give the court jurisdiction for the reason that there is nothing therein to indicate in, what city or county the real estate is situated. The notice so far as here material is this:

CITY TREASURER'S NOTICE OF INTENDED APPLICATION FOR JUDGMENT.

State of Minnesota ⎫
County of Blue Earth ⎰ ss.

'City of Mankato. Notice is hereby given that a warrant has been placed in my hands by the city of Mankato for the collection of assessments made by board of public works of said city, for the building of new sidewalks in said city, hereinafter more particularly described and that the assessments in said matter against the following described real estate, in amount respectively set opposite each description, are now delinquent, towit:

| Owner's Name. | Description. | | Lot. | Blk. | Amt. |
|---|---|---|---|---|---|
| A. M. Willard. | Parson's Add. | | 1 | 7 | $22 80 |
| A. M. Willard. | do | do | 5 | 7 | $22 88. |

It appears with sufficient certainty from the whole notice that the land is in the city of Mankato in the county of Blue Earth. The notice having been duly published, it was sufficient to give the court jurisdiction for the land is so described therein that a man of ordinary intelligence could identify it with reasonable certainty.

98 M.—18

4. The plaintiff further contends that the judgment is void on its face because it is not in the form provided by the charter which provides that in all cases where judgment shall be rendered against the property by default the court shall direct the clerk to make out and enter an order for the sale of the same which order shall be substantially in the following form: The form then follows. The charter also provides

> That the court may by rule or otherwise direct how and in what form such proceedings and judgments may be entered. Sp. Laws 1891, p. 432, c. 47, §§ 38, 40.

The difference between the form of the judgment as entered and the form prescribed by the charter appears in the following form, wherein the words in italics are omitted from the judgment as entered and the words inclosed in parenthesis are in the judgment, but not in the form:

> Whereas, due notice has been given of the intended application for a judgment against said lands, and no owner hath appeared to make defense or show cause why judgment should not be entered against the said land, and other property, for the assessment, damages, *interest* and costs due and unpaid thereon. Therefore, it is considered by the court, that judgment be and is hereby entered against the aforesaid lots and parcels of land in favor of the city of Mankato for the sum annexed in each lot or parcel of land, *being the amount of assessment, interest, damages and costs,* due severally thereon (and set opposite the same, towit). And it is ordered by the court that the several lots, parcels of land, or so much thereof as shall be sufficient of each of them, to satisfy the amount of assessment, *interest,* damages, and costs annexed to them severally, be sold as the law directs.

We are of the opinion that the judgment is substantially in the form as required by the provisions of the charter, sections 38 and 40, to which we have referred.

5. The plaintiff challenges the validity of the notice of sale of the land to be made pursuant to the judgment. The charter (Sp. Laws,

1891, p. 433, c. 47, § 42) requires that the notice of sale shall contain a list of the delinquent lots and parcels of land to be sold, the names of the owners, if known, the amount of the judgment rendered thereon respectively, and the warrant upon which the same was rendered, the court which pronounced the judgment, and notice that the same will be exposed to public sale at a time and place to be named in said advertisement by said city treasurer. The omission of the name of any owner or any mistake respecting the same shall not invalidate the sale if the property be otherwise described with sufficient certainty. Ten days' notice of such sale is required to be given by two publications in the official paper. The notice in question stated that a judgment, upon special assessment warrant for the construction of sidewalks, was duly rendered against the lots and in all other respects complied with the provisions of the charter. The sole objection made to the notice is that it contained no sufficient description of the warrant upon which the judgment was based. It is to be noted that reference in the charter to the warrant is very indefinite, and does not direct how the warrant shall be described, if at all. We hold that the reference in the notice to the warrant upon which the judgment was based was sufficient. The notice was in fact published three times, once more than required by the charter. This did not affect the validity of the publication of the notice nor invalidate the sale made pursuant to the notice.

6. The validity of the certificates of sale issued to the city of Mankato upon a sale of the land to it is attacked by the plaintiff for the alleged reasons following:

(a) That the amount of the judgment nowhere appears in the certificates. The charter requires the certificates of sale to state the amount of the judgment for which the property was sold, adding interest at the rate of twelve per cent. per annum and fifty cents costs on each description. The correct amount of the judgment including interest and costs was stated in the certificates, but not the original amount of the judgment. The certificates were sufficient in this respect.

(b) That the time when the right to redeem would expire was stated in the respective certificates to be five years from the date thereof instead of five years from the date of sale. The date of the certificate and the date of sale were the same, for the first date written in the

certificate was the date of sale, and the certificate concluded with the, words "Given under my hand * * * the day and year * * * first above written." Then followed the official signature of the treasurer. There is no basis of fact for the objection.

(c) That none of the certificates have affixed thereto any seal, either the official seal of the treasurer or any other. The charter requires that the certificates shall be made, subscribed in the presence of two witnesses, and acknowledged by the treasurer. Whether or not the treasurer of the city of Mankato has an official seal the record does not disclose, but, this aside, the charter does not require his seal, if he has one, to be affixed to the certificate. It was entirely competent for the legislature to prescribe the form of the certificates and the manner of their execution. We cannot add to the charter the requirement that the certificates must be sealed.

(d) That the certificates do not show upon their face any authority for making the sale and further that they do not show that there were no bids for the lots other than that of the city. The recitals in the certificates in this respect are the following:

> This is to certify that the treasurer of the corporation of the city of Mankato, by virtue of an order of sale, issued, directed, and delivered to him by the clerk of the district court, under a judgment of said court duly entered under the seal thereof and in pursuance of said order, as treasurer of said city of Mankato, on the 20th day of February, 1896, has offered for sale and did sell at the front door of the City Hall of the city of Mankato, commencing at the hour of ten o'clock a. m. .on said day, the following described real estate, towit.

This is a compliance with the charter provisions which do not require the certificates to state that there were no bidders other than the city. The cases cited by the plaintiff in this connection arose under tax laws prior to the year 1874, when the method of enforcing the payment of taxes on real estate was radically changed, and are not here in point.

(e) That section 44, c. 47, p. 434, of the charter provides that the certificates shall contain in addition to what is required by law certain matters placed in quotation marks; the latter portion.of such quotation

matter, consisting of ten or twelve lines, is entirely omitted. This refers to the last proviso of the section with reference to the manner of redeeming the property of minors or lunatics sold for nonpayment of taxes. A mere inspection shows that it does not require the proviso to be inserted in the certificates. The only basis for any claim to the contrary is the fact that the quotation marks at the end of the words which must be inserted in the certificates and immediately preceding the beginning of the last proviso of the section are turned the wrong way. There are no quotation marks at the end of the last proviso.

7. The last objection of the plaintiff to the title of the intervenor to the lots, which the trial court found that she owned, is that the notice of expiration of the time of redemption is void for the reason that it does not describe the warrants or the assessment or the judgment rendered thereon, and, furthermore, does not state the correct amount necessary to redeem, the error amounting to thirty eight cents. The notice complied with the charter provisions as to redemptions (Sp. Laws 1891, p. 435, c. 47, § 47), which do not require the warrants or assessments or the judgment to be described in the notice. The actual discrepancy, if any, in the statement of the amount necessary to be paid to effect a redemption, some thirty eight cents, did not render the notice void. London & N. W. Am. M. Co. v. Gibson, 77 Minn. 394, 80 N. W. 205, 777.

We have examined all the alleged errors urged in the appellant's brief, and have reached the conclusion that the findings and decision of the trial court are correct.

Order affirmed.